David K. W. Wilson, Jr.
Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON & DEOLA
401 North Last Chance Gulch
Helena, MT  59601
(406) 442-3261
(406) 443-7294 (Fax)
kwilson@mswdlaw.com
rfolsen@mswdlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| DONNA HARTELIUS<br><br>                    Plaintiff,<br><br>       v.<br><br>  ARA INC.,<br><br>                    Defendant. | Cause No.: _____<br><br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

COMES NOW Plaintiff, Donna Hartelius, and brings this cause of action violations of the Fair Debt Collection Practices Act and the Montana Consumer Protection Act.

## PARTIES

1.    Plaintiff, Donna Hartelius, is an individual residing in Great Falls, Cascade County, Montana. Her prior name was Donna Anthony.

2.    Defendant ARA Inc. is, on information and belief, an Illinois Corporation engaged as a collection agency. It does business in Montana, and attempted to collect Ms. Hartelius' debt in Montana.

## VENUE AND JURISDICTION

3.    This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Specifically, this Court has jurisdiction under 15 U.S.C. § 1692k. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202. Defendant is also liable to the Plaintiff pursuant to the laws of the State of Montana, which claims may be brought under the pendant jurisdiction of this Court.

4.    Venue is proper in the Great Falls Division, pursuant to Rule 3.2 (b), Local Rules of Procedure and § 25-2-122, MCA in that the Plaintiff resides in, and Defendants do business in the Great Falls Division.

## FACTS

5.  Plaintiff Donna Hartelius received a collection letter from Defendant, dated August 11, 2017, attempting to collect a debt in the amount of $5,768.99.   The letter explained that the original creditor was "MBNA America America (sic) Bank."

6.  Ms. Hartelius does not have nor has she had an account with MBNA America.

7.  Ms. Hartelius believes that the debt ARA is seeking to collect is an old credit card belonging to her ex-husband George Anthony.  Ms. Hartelius was not obligated on that debt, and in any event, she divorced Mr. Anthony in 2006.

8.  Ms. Hartelius has never received a statement from MBNA America concerning this debt, and in any event, it is time-barred.

9.  After receiving the August 11, 2017 letter, Ms. Hartelius sought verification of the debt. The only verification provided by ARA was documentation of the assignment of the debt to ARA, not any evidence of the underlying debt.

10. Ms. Hartelius has been harmed by ARA's actions, including not limited to lost time, emotional distress, and loss of quality of life.

## <u>Count One – Fair Debt Collection Practices Act</u>

11.     The preceding paragraphs are realleged as though set forth in full hereunder.

12.     Plaintiff is a "consumer" pursuant to 15 U.S.C. § 1692a.

13.     Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a.

14.     Defendant was attempting to collect a "debt" pursuant to 15 U.S.C. § 1692a.

15.     Defendant's violations of the FDCPA include, but are not limited to:

    a.  Falsely representing that Ms. Hartelius owed a debt she did not owe, in violation of 15 U.S.C. § 1692e(2) and § 1692f(1);

    b.  Falsely representing that ARA would provide verification of the debt in violation of 15 U.S.C. § 1692e(10)

    c.  Failing to verify the debt in violation of 15 U.S.C. § 1692g.

    d.  Misrepresenting that a time-barred debt is legally enforceable in violation of 15 U.S.C. § 1692e(2).

16.      As a result of these actions, Defendant is liable for actual and statutory damages, and attorney's fees pursuant to 15 U.S.C. § 1692k.

## Count Two– Montana Consumer Protection Act

17.     The preceding paragraphs are realleged as though set forth in full hereunder.

18.     Plaintiff is a "consumer" under the MCPA.

19.     Defendant was engaged in "trade or commerce."

20.     Defendant's acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. They include, but are not limited to, representing that Ms. Hartelius owed a debt she did not owe, attempting to collect from Ms. Hartelius a debt she did not owe, failing to properly verify the debt, and attempting to collect a time-barred debt.

21.     As a result of Defendant's actions, Plaintiff suffered an ascertainable loss of money or property, and has suffered mental anguish and emotional distress.

22.     Defendant is liable for Plaintiff's actual or statutory damages, treble damages, and attorney's fees pursuant to § 30-14-133, MCA.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiff prays for the following relief:

1.  For actual damages, and statutory damages of $1,000, pursuant to 15 U.S.C. 1692k and § 30-14-133, MCA;

2. For attorney's fees and costs, pursuant to 15 U.S.C. § 1692k, and § 30-14-133, MCA.

3. For treble damages pursuant to § 30-14-133, MCA.

4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, F. R. Civ. P., Plaintiff hereby demands a trial by jury of the issues triable by right by jury.

DATED this 16th day of April, 2018.

By:   /s/ David K. W. Wilson, Jr.
David K. W. Wilson, Jr.
Morrison Sherwood Wilson & Deola PLLP
*Attorneys for Plaintiff*